November 26, 1935 (recorded on June 30, 1937), to "the Village of Blanchester" (Ohio) "its successors and assigns forever," in the granting clause, with the additional words the Habendum Clause "To Have and to Hold the same to the only proper use of the said The Incorporated Village of Blanchester, Ohio, its successors and assigns forever," which deed contained no provision for forfeiture or reversion, conveyed to the Village of Blanchester, Ohio, a fee simple title to the real estate described in this deed, and the Village of Blanchester, Ohio, had and has such title, that when the municipal authorities may determine that this land (the lots and the acreage), is no longer needed for any municipal purposes, this land may be sold, in such manner, as a whole or separately, as they may determine, and the same shall be sold in accordance with the laws of Ohio, and the purchaser or purchasers shall be vested with fee simple title to such real estate.

And the title of the Incorporated Village of Blanchester, Ohio, to the land in question is quieted as against all claims of any persons whomsoever.

And it is further ordered that the plaintiff pay the costs herein.

STEWART ET AL. *v.* SACHS ET AL.

[Cite as Stewart v. Sachs (1971), 27 Ohio Misc. 29.]

(No. 875814—Decided January 26, 1971.)

Common Pleas Court of Cuyahoga County.

*Mr. Eugene Bleiweiss* and *Messrs. Payer, Bleiweiss & Crow,* for plaintiff.
*Mr. Eben G. Crawford* and *Messrs. Squire, Sanders & Dempsey,* for defendant Sidney H. Sachs.
*Mr. Robert J. Gemperline* and *Messrs. McNamara, Gemperline & Wagner,* for defendant Mt. Sinai Hospital.

McMONAGLE, J. This matter was submitted to the court on the motion of the defendant, Mt. Sinai Hospital, for a summary judgment on its contention that the action is barred by virtue of the provisions of the statute of limitations. The pleadings, admissions, affidavits, etc., indicate that the following are undisputed facts:

On December 26, 1966, the plaintiff was operated on by Dr. Sidney H. Sachs in the operating room at Mt. Sinai Hospital. A surgical sponge was left in the incision. On February 23, 1969, plaintiff was X-rayed and a surgeon other than the one who performed the operation in 1966 discovered the presence of the sponge and so notified the plaintiff. The plaintiff first learned of the presence of the sponge when he was so notified. This lawsuit, in which both the operating doctor and the hospital are named as defendants, was filed on July 16, 1969.

It is the plaintiff's claim that the failure to remove the surgical sponge resulted from the negligence of the operating surgeon and also that of the surgical nurse employed by the hospital.

It appears that the defendant doctor last attended the plaintiff with reference to the matters which are the subject matter of the action less than one year prior to the filing of the within case and a defense of the statute of limitations is not asserted as a bar to the plaintiffs' action against

the doctor. It is asserted as to the plaintiffs' action against the hospital.

An action for malpractice of a doctor is barred under R. C. 2305.11 if not brought within one year after the termination of the physician-patient relationship. It has been held in the case of *Delong* v. *Campbell*, 157 Ohio St. 22, that the statute of limitations begins to run at the termination of such physician-patient relationship, regardless of the time at which plaintiff became aware of the fact that the physician had committed an act of malpractice. In the *Delong case,* the Supreme Court applied this rule to an action where the physician had performed an operation and failed to remove all surgical sponges from the patient's body. The court held that even though the fact of such failure of removal came to the knowledge of the plaintiff less than one year prior to the bringing of the action but more than one year after the termination of such physician-patient relationship the action was barred by the statute of limitations.

In *Lundberg* v. *Bay View Hospital*, 175 Ohio St. 133, the following is contained at page 136:

"Since this action has proceeded through the courts on the theory of malpractice and the statute of limitations relating thereto, our discussion has followed that line. Let it be understood that no determination is here being made that a hospital, as such, may engage in the practice of medicine. Malpractice is embraced in the law of negligence. The present action is essentially one for the recovery of damages for bodily injury due to negligence, and Section 2305.10, Revised Code, places a limitation of two years on the bringing of such an action. Thus, whether the action is treated as one for malpractice or as one for ordinary negligence, it was timely brought in either instance."

The precise question presented herein was not before the court in the *Lundberg case,* since the jury apparently determined as a matter of fact that the action was brought within one year of the acts which gave rise to the claim. There can be no question from Judge Zimmerman's opinion

that an action for negligence of a hospital is not barred by R. C. 2305.11, but that such actions are limited by the provisions of R. C. 2305.10.

The question the court is now called upon to determine in a case alleging negligence of a hospital employee for failure to remove a surgical sponge, is whether the statute of limitations would commence to run from (a) the date on which the negligent act was committed; or (b) the date, if later, as shown by the evidence that injury resulted from the negligent act; or (c) the date that plaintiff learned of the negligent act.

For example, an automobile manufacturer may negligently install a defective part within the steering mechanism; no failure actually occurs until more than two years after the negligent act, when a person is injured as a result of the failure. The statute of limitations runs from the date of the failure and injury as distinguished from the date that the negligent act itself was committed.

There appear to be no reported cases directly on point with the instant case. The claim of the plaintiff against Mt. Sinai Hospital is not an action for recovery because of a claim of medical malpractice. It is an action to recover damages for injury to a person as a result of the alleged negligence of a hospital employee. The observations of Judge Zimmerman in the *Lundberg case, supra*, have been persuasive in arriving at the court's decision herein, although as above pointed out, the legal issue here varies from the one presented in the *Lundberg case.*

Justice dictates that the running of the statute of limitations shall not commence, in a claim based upon injuries resulting from the failure of a hospital employee to remove from the body of a patient all objects used for the performing of the operation, until injury therefrom is manifest or the patient learns of the presence of the foreign object, whichever is later. Such a rule has been applied in cases involving silicosis and berylliosis. See *Brush Beryllium* v. *Meckley*, 284 F. 2d 797. A like rule also was applied in the case of *Cook* v. *Yager*, 13 Ohio App. 2d 1, where the Court of Appeals held that such a rule applied in the case of the malpractice of a dentist holding that the cause of action for

a consequential injury resulting from a dentist's mistake or error did not occur until the consequential condition first manifested itself. Paragraphs one and two of the syllabus, at page 1:

"1. Where a violation of a duty, constituting dental malpractice, causes no contemporaneous injury or damage to the patient but the forces set in motion by such violation proximately cause injury or damage thereafter, then, notwithstanding the relationship of dentist and patient has terminated between the time of the violation of the duty and the time the consequential injury or damage first manifests itself, the cause of action for malpractice does not accrue and the statute of limitations pertaining to such cause of action does not begin to run until the date such consequential injury or damage first manifests itself.

"2. In such event, it is not the wrongful act which gives rise to the claim. Until there is *some* damage there is no claim, and a statute prescribing the time in which suit must be filed can never operate prior to the time a suit would be permitted." (Emphasis theirs.)

It is the finding of the court that a negligent action which is of the type that is the subject of the within action is not barred by the statute of limitations until more than two years after an injury resulting therefrom has become manifest and the presence of the foreign body has become known to the plaintiff. Stated otherwise, if a person becomes ill, and it is *subsequently* proven that the illness resulted from the presence of such a foreign object, the statute of limitations would run from the time that the presence of the foreign object becomes known; or if a person learns of the presence of the foreign object but no illness therefrom becomes manifest until a subsequent date, the statute of limitations would run from the date the illness became manifest.

It is therefore the finding of the court that a question of fact is presented herein bearing upon the time within which the statute of limitations commences to run.

An entry has therefore been filed overruling the motion of Mt. Sinai Hospital for summary judgment.

*Motion overruled.*